# Schmitt's Appeal.

*Evidence—Production of papers—Practice, C. P.—Mortgage.*

On a scire facias sur mortgage the petition of the plaintiff that one of the defendants should be required to produce for his inspection the bond accompanying the mortgage in suit, and the minute book of a corporation, which was another of the defendants, should be granted, but the order made should be limited to the bond and minute book, and not enlarged so as to include "all papers, bonds, and books involved in the case, or desired by counsel for plaintiff."

Argued April 10, 1911. Appeal, No. 205, Jan. T., 1911, by Victoria Schmitt, from order of C. P. Luzerne Co., Oct. T., 1907, No. 1,047, directing the production of papers in case of D. L. Rhone, Trustee, v. The Keystone Coal

Company, Defendant, Victoria Schmitt, the Traders' Coal Company and The Hillside Coal and Iron Company, Terre-tenants. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Order modified and affirmed.

Scire facias sur mortgage.

Petition for an order to compel the production of papers. Before GORMAN, J.

The opinion of the Supreme Court states the case.

*Error assigned* was the order of the court.

Edmund G. Butler, with him *John McGahren*, for appellant, cited: McKenny v. Fawcett, 138 Pa. 344; Reed v. Stevenson, 6 W. N. C. 173; Sollers v. Dunbar, 1 W. N. C. 313; Prestien v. Sarmiento, 4 W. N. C. 89; Simpler's Petition, 10 Pa. Dist. Rep. 141; Graham v. Cummings, 11 Pa. Dist. Rep. 68; Cottrell v. Warren, 18 Pa. 487.

*J. Q. Creveling*, with him *D. L. Creveling* and *Wm. S. McLean, Sr.*, for appellee, cited: Gilpin v. Howell, 5 Pa. 41; Wright v. Crane, 13 S. & R. 447; Arrott v. Pratt, 2 Whart. (Pa.) 566.

OPINION BY MR JUSTICE ELKIN, April 24, 1911:

If the order appealed from was interlocutory this would be ground for quashing the appeal. But waiving this question which we do not now pass on, we think the petitioner in the court below was entitled to an inspection of the bond and the minute book of the corporation under the circumstances and the court had the power to order their production. The court and the parties had the right to know the facts shown by these instruments. If they were in possession of appellant she could have produced them and this would have been an end of the matter as far as she was concerned; if they were not in her possession, she could have so answered. The order of the court only

required their production if in the possession or custody of the defendants. This order did not work a hardship upon anyone and we can see no reason why it should not be enforced, except that it is too broad in its terms. The petitioner only asked for an inspection of the bond and minute book, while the order includes "all papers, bonds and books involved in the case or desired by counsel for plaintiff." Clearly the petitioner was not entitled to more than he asked for and the appellant was justified in complaining about the sweeping provisions of the order to produce all papers, bonds and books desired by counsel. In this respect the order should be modified but when so modified it should be affirmed. The decree of the court below is modified so as to require only the production of the bond and minute book asked for by the petitioner, and when so modified the order making the rule absolute is affirmed. Costs of this appeal to be paid by appellant and in the court below as there ordered.